IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 07-77 |
| | ) | |
| ARTHUR LEE DAVIS, | ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

CONTI, District Judge.

Pending before the court is a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) (Docket No. 53) filed by defendant Arthur Lee Davis ("Davis" or "defendant"). Upon reviewing defendant's motion and the government's response in opposition to defendant's motion (Docket No. 54), the court will DENY defendant's motion because it lacks jurisdiction to resentence him.

*Background*

On March 6, 2007, a federal grand jury in the Western District of Pennsylvania returned an indictment against defendant charging him with possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as crack, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii). (Docket No. 14.) On April 24, 2007, defendant changed his previously entered plea from not guilty to guilty. (Docket Nos. 25-26.)

On July 23, 2007, defendant filed a response in opposition to the presentence investigation report prepared by the United States Probation Office. Defendant concurred with

1

the report's calculation of the applicable United States Sentencing Guidelines (the "Sentencing Guidelines" or "guidelines") range of imprisonment of 151 to 188 months, although defendant argued, inter alia, that the court should consider "the disparity between the crack/powder cocaine differential in the sentencing guidelines." (Docket No. 30 at 1-2.) On August 9, 2007, the court issued tentative findings and rulings concerning the advisory guidelines range, and tentatively determined that the guideline range of imprisonment was 151 to 188 months. (Docket No. 34.)

On November 1, 2007, Congress adopted amendments to the Sentencing Guidelines. One amendment addressed the disparity between sentences for drug offenses involving powder cocaine and crack cocaine.[1] On December 11, 2007, the court held a sentencing hearing. The guideline range applied to defendant at sentencing was based upon the November 1, 2007 amendment to the guidelines, and the court found that defendant's advisory guidelines range of imprisonment was 121 to 151 months. Defendant was sentenced to a term of imprisonment of 121 months, five years supervised release, and no fine. (Docket Nos. 40-41.)

### *Standard of Review*

Generally, a district court may not alter a criminal sentence of punishment once it has been imposed. United States v. Wise, 515 F.3d 207, 220 (3d Cir. 2008). If the defendant's sentence, however, was based upon a sentencing range under the Sentencing Guidelines that has been subsequently lowered, then the court may reduce the defendant's term of imprisonment; provided, that the reduction is consistent with the applicable policy statement issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The applicable policy statement is found in

---

[1] See infra pp. 3-4 for further discussion regarding Amendment 706, which is the November 1, 2007 amendment.

2

§ 1B1.10 of the Sentencing Guidelines. It states that a reduction is warranted where the applicable guideline range has subsequently been lowered as the result of one of the guideline amendments listed in § 1B1.10(c). U.S. SENTENCING GUIDELINES MANUAL § 1B1.10 (2007). If the sentencing range is not reduced by a listed amendment, then, under § 3582, the defendant is not eligible for a reduction in sentence. Even if eligible for a reduction, § 3582(c)(2) does not provide for a "full de novo resentencing." United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997). The amended sentencing guideline provision is substituted for the corresponding provision, and all other guideline application decisions are not altered. Id.

*Discussion*

Defendant contends that he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), although defendant does not specify an amendment to the Sentencing Guidelines that would have the effect of lowering the guideline range applied at the time of sentencing. Defendant requests that the court apply a one-to-one crack cocaine to powder cocaine ratio to his sentence.

The court is unaware of an amendment to Sentencing Guidelines related to crack cocaine offenses that directs the court to apply a one-to-one ratio in the manner suggested by defendant. The only amendment the court is aware of that applies to crack cocaine offenses is Amendment 706, which became effective on November 1, 2007. The amendment addressed the disparity in sentences between defendants who possess different forms of cocaine. Prior to the amendment, the guidelines provided for a 100-to-1 ratio for sentences involving crack cocaine in comparison to those involving cocaine powder. For instance, the guidelines assigned defendants the same base offense level for a crime involving 150 kilograms or more of powder cocaine and for a

3

crime involving only 1.5 kilograms or more of crack cocaine. U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(1) (2002). Amendment 706 was designed to alter the 100-to-1 ratio. After the amendment, 4.5 kilograms of crack cocaine is now treated as the equivalent of 150 kilograms of cocaine powder. U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(1) (2007). The overall effect of the amendment is to reduce by two levels the base offense level of a defendant sentenced under section 2D1.1 for a crack cocaine offense. United States v. Rivera, 535 F. Supp.2d 527, 528-29 (E.D. Pa. 2008). Amendment 706 applies retroactively, as it is one of the amendments listed in § 1B1.10(c).

Section 1B1.10(a)(1) provides that a term of imprisonment may be reduced when "the guideline range applicable to the defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(b) (2007). Section 1B1.10(a)(2)(B) explains that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(2)(B) (2007).

*Conclusion*

Defendant was sentenced on December 11, 2007, at which time Amendment 706 was already in effect. A reduction of defendant's sentence is not warranted under § 3582(c)(2), because the sentencing range applied at the time of defendant's sentencing was based upon Amendment 706. Since this court lacks jurisdiction to resentence defendant, the court cannot consider defendant's arguments for application of a one-to-one crack cocaine to powder cocaine

4

ratio such as that applied in several decisions cited by defendant.

*Order*

AND NOW, this 26th day of July, 2010, upon consideration of the motion filed by Arthur Lee Davis to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) (Docket No. 53), and the government's response in opposition to that motion for reduction of sentence (Docket No. 54), IT IS HEREBY ORDERED that the motion for sentence reduction filed by Arthur Lee Davis is DENIED.

By the court:

 /s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc: Counsel of Record

    Arthur Davis
    USM #09333-068
    FCI Ray Brook
    Federal Correctional Institution
    P.O. Box 300
    Ray Brook, NY 12977