IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISCTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 07-77 |
| | ) | |
| ARTHUR LEE DAVIS | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

CONTI, District Judge.

In this memorandum opinion, the court considers the motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2)[1] filed by Arthur Lee Davis ("defendant"). On December 9, 2010, defendant filed a motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). After considering the submissions of the parties, the court will deny defendant's motion.

*Background*

On December 11, 2007, defendant was convicted of possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as crack, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). Defendant was sentenced to 120 months in prison, which was based on the statutory minimum in effect at the time he committed the crime and at the time of sentencing.

---

[1] Defendant did not expressly state his motion was filed pursuant to 18 U.S.C. § 3582(c)(2). Because defendant is pro se, the court will construe the motion for modification or reduction in sentence as filed pursuant to 18 U.S.C. § 3582(c)(2).

Defendant argues that the court should retroactively apply the Fair Sentencing Act of 2010 ("FSA"), Pub. L. 111-220, 124 Stat. 2372 (2010), and reduce his sentence pursuant to § 3582(c)(2). Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

On August 2, 2010, the FSA was enacted; the statute reduces penalties for crack cocaine offenses. Defendant committed the instant offense and was found guilty and sentenced prior to the enactment of the FSA. The FSA raises the threshold for imposition of a 120-month statutory minimum prison sentence from 50 grams of crack cocaine to 280 grams. Here, defendant was charged with possession with intent to distribute 80.3 grams of crack cocaine. Thus, if the FSA is applied retroactively, defendant's sentence would be reduced because he possessed less than 280 grams of crack cocaine.[2]

*Discussion*

There is no express retroactive provision set forth in the FSA. United States v. Reevey, No. 10-1812, 2010 WL 5078239, at *3 (3d Cir. Dec 14, 2010); United States v. Crews, No. 06-418, 2010 WL 5178017, at *1 (W.D. Pa. Dec. 12, 2010). The "general savings statute," 1 U.S.C. § 109, requires courts to apply the penalties in place at the time the crime was committed, unless

---

[2] If defendant was sentenced pursuant to the FSA, the minimum sentence imposed would have been 5 years. 21 U.S.C. § 841(b)(1)(B)(iii). Because defendant committed the instant offense and was sentenced prior to the enactment of the FSA, he was sentenced to prison for a minimum of 10 years.

the new enactment expressly provides for its own retroactive application. Warden, Lewisburg Penitentiary v. Marrero, 417 U.S. 653, 660 (1974); United States v. Avila-Anguiano, 609 F.3d 1046, 1050 (9th Cir. 2010); United States v. Smith, 354 F.3d 171, 174 (2d Cir. 2003); Korshin v. Comm'r, 91 F.3d 670, 673-74 (4th Cir. 1996). The general savings statute provides:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.

1 U.S.C. § 109.

Other courts which have addressed the issue whether the FSA should be applied retroactively have reached the same conclusion; the FSA is not retroactively applied. United States v. Bennafield, No. 05-12, 2010 WL 4637770, at *1 (W.D. Pa. Nov. 8, 2010) (after considering the defendant's petition under § 3582 in light of the newly passed FSA, the court concluded the FSA contained no statement indicating it was retroactive and defendant was not entitled to the benefit of the recently enacted law); United States v. Glover, No. 09-1725, 2010 WL 4250060, at *2 (2d Cir. Oct. 27, 2010) (holding the FSA did not apply retroactively and, consequently, the court was constrained to apply the mandatory minimum in effect at the time the defendant committed the offense in question). Several other courts of appeals have concluded that when there is no savings provision in the repealing statute, the general savings statute precludes a court from giving retroactive effect to the repealing statute. See Crews, 2010 WL 5178017, at *5.

The FSA does not contain express language indicating that the statute is retroactive and retroactivity cannot be inferred from the statute's plain language. The court must apply the penalty provisions that were in place at the time defendant committed the crime and at the time

3

of sentencing. Defendant in this case committed the crime and was sentenced prior to the enactment of the FSA. Courts have consistently ruled that the FSA does not retroactively apply. At the time defendant committed the crime in question, the mandatory minimum sentence was 120 months. Thus, defendant's motion for modification or reduction of sentence pursuant to § 3582(c)(2) must be denied because the FSA does not retroactively apply. An appropriate order will follow.

Date: February 18, 2011

By the court:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge

cc: Arthur Davis
USM #09333-068
FCI Ray Brook
Federal Correctional Institution
P.O. Box 300
Ray Brook, NY 12977